## GLEASON *v.* THE STATE.

Where, after the conviction of one indicted for the offense of murder, a motion for a new trial is made upon the general grounds only, the discretion of the trial judge in refusing to.direct the exhumation and examination of the body of the deceased, with a view of ascertaining whether his death was produced by the causes assigned therefor by witnesses for the State who were sworn at the trial, was not abused. Any facts which might have been discovered as a result of such exhumation would not, after conviction, under a general allegation in the motion for a new trial that the verdict was contrary to law and evidence, have been receivable to impeach or otherwise discredit the testimony of the witnesses sworn

at the trial, and, there being no other ground of the motion which upon extraordinary considerations would authorize their admission in evidence upon the hearing of the motion for a new trial, the exhumation, if allowed, would have been fruitless, and therefore its denial could result in no harm to the accused.

Submitted October 15, — Decided November 15, 1897.

Motion. Before Judge Falligant. Liberty superior court. August 2, 1897.

After conviction of murder, and pending his motion for new trial, Stephen Gleason presented to the court an application, in brief, as follows: The indictment upon which he was convicted charges him with having committed the offense by the use of a pocket-knife, inflicting therewith a mortal wound upon Tony Axon. The evidence disclosed the fact that if said wound was inflicted by the use of said knife it must have been by thrusting or driving the blade of said knife through the skull of Axon at the back of the head. The evidence fails to disclose the fact satisfactorily as to whether or not the blade of the knife entered and penetrated the skull of Axon. This fact is a vital question in the case, under the circumstances as disclosed by the evidence. While it appears that an inquest was held upon the body of Axon before the same was buried, yet the evidence shows that no physician or surgeon was a member of the coroner's jury, and that no physician or surgeon ever made a postmortem examination of Axon's body, nor any examination of the nature, character and extent of the wound received by Axon, and that the only examination made to ascertain said facts was very incomplete and unsatisfactory. In order that the above facts may be more clearly and satisfactorily ascertained and the ends of justice subserved, defendant prays for an order to the coroner, directing that another inquest be held by him upon the body of Axon, and that the finding and result of said inquest be immediately returned to the superior court.

This application was refused, and defendant excepted.

*Way & Beckwith*, for plaintiff in error. *J. M. Terrell, attorney-general*, and *W. W. Osborne, solicitor-general*, contra.

SIMMONS, C. J. Gleason was tried and convicted of the offense of murder. He made a motion for a new trial, upon the

general grounds that the verdict was contrary to law and to the evidence. Pending this motion he made application to the judge of the superior court to order another inquest upon the body of the person slain by Gleason. The court refused his petition, and he excepted. Under the facts of the case we think that the court did not abuse its discretion in denying the petition. Had it been granted and an inquest had, the facts discovered could not have been used in evidence to elucidate any ground in the motion for a new trial. Nor could they have been received to impeach or otherwise discredit the testimony of the witnesses sworn at the trial. There was nothing in the motion even in the nature of an extraordinary motion for a new trial. There was no allegation of newly discovered evidence. Indeed, there was nothing in the motion to which the facts which might have been discovered by a new inquest would have applied. The application or petition should have been made before the trial. If it had been so made and sufficient reasons assigned therein for the granting of the petition, the trial judge would doubtless have granted it and had the inquest made in order that the facts might have appeared upon the trial. Inasmuch as the petition was not so made but was postponed until after conviction, we think that the court did not err in refusing the request. *Judgment affirmed. All the Justices concurring.*